PER CURIAM.
Villas of Windmill Point II Property Owners’ Association, Inc. (“Villas”) appeals the final summary judgment entered in favor of Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-40CB, Mortgage Pass Through Certificates, Series 2005-40CB (“BONY”). BONY filed suit to compel Villas’ compliance with the safe harbor, provision of section 720.3085(2)(c), Florida Statutes, and for declaratory relief. BONY alleged that it qualified for the safe harbor provision because it (1) was the successor or assignee of the first mortgagee, (2) joined the Villas as a defendant in the initial foreclosure' action, and (3) acquired the property by deed in lieu of foreclosure.
We affirm the trial court’s entry of summary judgment for BONY, because BONY’s affidavit established all the requirements of section 720.3085(2)(c), and the trial court properly found that the Villas’ affirmative defenses were legally insufficient to defeat BONY’s cause of action.
However, the final judgment not only includes a calculation of the amount due in accordance with the 'safe harbor provision, but also includes a calculation of the amount due from BONY to Villas for assessments that accrued since BONY took title to the parcel. Because BONY failed to present any evidence to support the post-Certificate of Title assessment amount listed in the final judgment, we reverse and remand for the trial court to delete that calculation from the final judgment. On remand, the trial court may either: (1) take evidence and determine the correct post-Certificate of Title assessment amount due to Villas; or (2) if the. parties agree, simply state- in the final judgment that BONY is liable for all assessments that accrued since BONY received the Certificate of Title, without stating a specific dollar amount.

Affirmed in part, Reversed in part, and Remanded.

GROSS, TAYLOR and DÁMOORGIAN, Jj., concur.